(No. 5263– )

RICHARD A. CARLETON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1966.*

RICHARD A. CARLETON, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Richard A. Carleton, seeks to recover from respondent the sum of $60.00 for services rendered to one Mary Ellen Jackson at the request of the Division of Vocational Rehabilitation of the State of Illinois. Claimant alleges that demand for payment was made from the Division of Vocational Rehabilitation, and that such demand was refused on the grounds that the funds appropriated for the Division for such payment had lapsed.

A Departmental Report was filed in this matter on the day of February 2, 1966, which states as follows:

"An authorization was written for supervision and management during hospitalization to Dr. Richard Carelton for the period 5/21/65 to 6/16/65. This was to run four weeks with a schedule of $25.00 for the first week, $15.00 each for the next two weeks, and $5.00 for the fourth week. There was no insurance participation, and the bill presented by the doctor was not received in time to clear in the grace period of this fiscal year. This is a legal claim, the service was given, and the claim should be paid."

Subsequently a written stipulation was entered into between claimant and respondent clearly establishing that claimant furnished services to the said Mary Ellen Jackson; that the reasonable and equitable charges for the services furnished was the sum of $60.00; and, that claimant is entitled to be reimbursed in that amount.

This Court has repeatedly held that, where a contract has been: (1) properly entered into; (2) services satisfactorily performed and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contract was entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an order for the amount due. *Rockford Memorial Hospital, a Corporation,* vs. *State of Illinois,* case No. 5165, opinion filed September 25, 1964; *Memorial Hospital of Du Page County, a Corporation,* vs. *State of Illinois,* Case No. 5197, opinion filed January 12, 1965. It appears

that all of the qualifications, which were set forth in the case of *Memorial Hospital* vs. *State of Illinois,* have been met.

Claimant is awarded the sum of $60.00.